# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | : | |
| Plaintiff | : | |
| vs. | : | |
| Prison Guard JONES, | : | NO. 5:11-CV-210 (MTT) |
| Defendant | : | **O R D E R** |

Plaintiff **GREGORY GILLILAN**, presently an inmate at Rogers State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Parties instituting non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Plaintiff sues Rogers State Prison guard Jones. As described in a prior case plaintiff filed in this Court, plaintiff has "balloon surgical implants" in his penis. ***See Gillilan v. Sigfreid***, 5:11-cv-194 (CAR). According to plaintiff, he must inject the implants to clean them. Plaintiff alleges that Jones refused this "medical need." As a result, he alleges he experienced hemorrhaging and was taken to the emergency room.

Section 1915(g) of the Title 28, the "three strikes rule" of the Prison Litigation Reform Act, provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of court records reveals that plaintiff has filed more than 150 civil actions in the United States District Courts for the Middle and Southern Districts of Georgia, and at least 11 of those complaints or resulting appeals have been dismissed as frivolous.[1]

As this Court stated in 5:11-cv-194(CAR), plaintiff's condition may constitute a serious medical need. Plaintiff has not, however, alleged sufficient facts to indicate that defendant Jones placed plaintiff in imminent danger or that such danger existed at the time he filed his lawsuit. **Medberry v. Butler**, 185 F.3d 1189, 1193 (11th Cir. 1999) (prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section1915(g)'s imminent danger exception). As noted in his complaint, plaintiff can inject himself. Although plaintiff summarily alleges that Jones denied his "medical need," he does not allege that Jones prevented plaintiff from performing the injection. Plaintiff's receipt of prompt medical attention following the incident suggests that he was not in "imminent danger of serious physical injury" when he filed the instant lawsuit.

Additionally, venue in this district is improper. The venue provision of 28 U.S.C.

---

[1] **Gillilan v. Pollark,** 1:07-CV-50 (WLS) (M.D. Ga. Apr. 4, 2007); **Gillilan v. Galloway**, 1:06-CV-71 (WLS) (M.D. Ga. Mar. 5, 2007); **Gillilan v. Scarborough**, 1:05-CV-172 (WLS) (M.D. Ga. Feb. 2, 2007); **Gillilan v. Harrison**, 1:06-CV-176 (WLS) (M.D. Ga. Jan. 31, 2007); **Gillilan v. Bell**, 1:07-CV-3 (WLS) (M.D. Ga. Jan. 11, 2007); **Gillilan v. Thomas**, 1:06-CV-122 (DHB) (S.D. Ga. Jan. 10, 2007); **Gillilan v. Johnson**, 1:06-CV-177 (WLS) (M.D. Ga. Jan. 8, 2007)(appeal also dismissed as frivolous on Apr. 25, 2007); **Gillilan v. Cannon**, 1:06-CV-114 (WLS) (M.D. Ga. Aug. 8, 2006); **Gillian v. Hilton**, 1:05-CV-133 (WLS) (M.D. Ga. Aug. 18, 2006) (appeal also dismissed as frivolous on May 8, 2007).

§ 1391(b) provides in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ....

28 U.S.C. § 1391(b).

The defendant appears to be located, and all of the events alleged in the complaint occurred, in Tattnall County, which is located in the Southern District of Georgia. 28 U.S.C. § 90(c)(6). Accordingly, the proper venue for plaintiff's claim is the Southern District of Georgia, not this district.

Title 28 U.S.C. § 1406(a) provides that a district court may transfer a case to another court where it might have been properly filed. However, the court should transfer the case only if doing so is in the interest of justice. A transfer of this case would not be in the interests of justice because
plaintiff has more than three strikes and has failed to allege sufficient facts to indicate that he is in "imminent danger of serious physical injury."

In light of the foregoing, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 31st day of May, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr